# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cv 239

| | | |
|---|---|---|
| **PABLO GARCIA GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **EDITH MARISOL SANCHEZ** | ) | |
| **SEGOVIA and JULIO SANCHEZ,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| _____ | ) | |

This matter is before the Court on Respondents' Motion to Dismiss (# 8) for lack of jurisdiction. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Respondents' Motion to Dismiss be GRANTED.

## I.     Procedural History

On August 30, 2017, Petitioner initiated this action by filing a Verified Complaint/Petition for Return of Minor Child Under the Hague Convention (# 1) ("Hague Petition"), seeking the return of his minor son, E.S. (the "Child"), pursuant to the Convention on the Civil Aspects of International Child Abduction art. 1, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 98 (the "Hague Convention")[1][2], which was implemented through the enactment of the International Child

---

[1] The United States and Mexico are both signatories of the Hague Convention.  Madrigal v. Tellez, 848 F.3d 669, 673 (5th Cir. 2017).

[2] The Hague Convention addresses "the problem of international child abductions during domestic disputes."

Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*. ("ICARA").

On October 12, 2017, Respondents filed the instant Motion to Dismiss. Petitioner filed a timely Response in Opposition. On November 8, 2017, the Court ordered that a hearing be conducted before the undersigned at 9:30 a.m. on November 21, 2017, and Respondents must appear in person. Respondents were directed to supplement the affidavit filed in support of their motion to dismiss before noon on November 17, 2017, with information to include the location of N. Segovia, the Child's mother.

On November 17, 2017, Respondents filed a Supplemental Affidavit, which consisted of the following: (1) a statement from N. Segovia, which is dated March 30, 2016; (2) an affidavit from N. Segovia, which is dated October 24, 2017; and (3) an affidavit from N. Segovia, which is dated November 16, 2017. On November 20, 2017, Respondents filed a Motion to Seal. The motion was granted, and Respondents filed the following sealed documents under seal: (a) the Child's medical records from Wake Forest Baptist Health, (b) the Child's recent medical report from Mexico, and (c) photographs of the Child in Mexico.

On November 21, 2017, the Court conducted a hearing on Respondents' Motion to Dismiss. Respondent Edith Marisol Sanchez Segovia ("Respondent Segovia") did not attend the hearing as directed. The Court was advised that Respondent Segovia was subject to a 2013 deportation order, and because she feared being detained if she came to court, Respondent Segovia returned to El Salvador on November 19, 2017. See Hr'g Exs. 1-2 (# 19).

## II.     Legal Standard

---

Abbott v. Abbott, 560 U.S. 1, 8 (2010). To establish a prima facie case under the Hague Convention, a petitioner must show: (1) the respondent wrongfully removed or retained the child from the place of his habitual residence; (2) the removal or retention breached the petitioner's custody rights, as established by the law of the place of habitual residence; and (3) petitioner was exercising his parental rights when the child was removed or retained. Miller v. Miller, 240 F.3d 392, 398 (4th Cir. 2001).

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which the court can base subject matter jurisdiction, the court, like ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction. Id.

III.    Discussion

    A.    The Court lacks subject-matter jurisdiction.

Respondents argue that this case should be dismissed for lack of subject-matter jurisdiction on the basis that the case is moot. Br. Supp. (# 9) at 3-6. In particular, Respondents contend that the Child has been returned to Mexico, and this Court cannot provide further relief. Id. at 3-4.

Federal district courts are courts of limited subject-matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs, Inc., 545 U.S. 546, 552 (2005)). Article III of the Constitution limits the judicial power of the federal courts to actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "Federal courts lack jurisdiction to decide moot cases[.] Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case is properly deemed moot when there is no remaining viable issue for the court to resolve. Powell v. McCormack, 395 U.S. 486, 496 (1969).

In this case, the evidence before the Court reveals that, on October 1, 2017, the Child was

voluntarily returned to N. Segovia's custody in Mexico. See Aff. (#12); Supp. Exs. 5-6 (# 18-2, 18-3); Aff. (# 9-1). Mexico is the Child's habitual residence.[3] Hague Pet. (# 1) at 3. Respondents represent that it is in the best interest of the Child to have the issue of custody resolved by the Child's parents in Mexico or have the matter determined by a court located in Mexico. Br. Supp. (# 9) at 3.

### B. Petitioner is not entitled to legal fees or expenses.

Petitioner argues that he is entitled to attorney's fees and costs pursuant to 22 U.S.C. § 9007, and in particular, he requests payment of transportation expenses for the return of the Child to Chilcuautla, Mexico and the payment of Petitioner's attorney's fees and costs. Hague Pet. (# 1) at 7.

"Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petition, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).

Respondents argue, and the Court agrees, that Allman v. Coyle, 319 F. Supp. 2d 540 (E.D. Pa. 2004), governs the outcome of this issue. In Allman, the court acknowledged that the petitioner had spent a great deal in order to secure the return of his daughter to Ireland. Id. at 544. The court noted that because there was no court order directing the return of the child, there was similarly no authority to pay for expenses incurred by the petitioner. Id.

## IV. Conclusion

---

[3] The Hague Convention does not define term "habitual residence," and federal courts analyze a child's habitual residence on a case-by-case basis by determining "whether the parents shared an intent to make a particular country the child's home" and "whether enough time has passed for the child to acclimate to the residence." Smedley v. Smedley, 772 F.3d 184, 186 (4th Cir. 2014).

4

In light of the foregoing, the Court RECOMMENDS that Respondents' Motion to Dismiss (# 8) be GRANTED and this case be dismissed without prejudice.

Signed: November 22, 2017

Dennis L. Howell
United States Magistrate Judge

## Time for Objections[4]

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

---

[4] At the November 21, 2017, hearing, Petitioner's counsel asked for more time to verify the validity of the address for N. Segovia.  This 14-day objection period will afford Petitioner that time.